In the Matter. of WALTER LEWIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 9, 1990

### APPEARANCES OF COUNSEL

*Robert H. Straus (Diana Maxfield Kearse* of counsel), for petitioner.

*Walter Lewis,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained two charges

of professional misconduct. The petitioner moves to confirm in part and disaffirm in part the report of the Special Referee, and the respondent moves to confirm the report.

Charge one alleged that the respondent, on January 26, 1988, in the Supreme Court, Kings County, was convicted, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, a class A misdemeanor. On April 27, 1988 he was sentenced to a term of three years' probation and to make restitution of $399.

Charge two alleged that the respondent was guilty of engaging in illegal conduct and conduct adversely reflecting on his fitness to practice law, in that, on August 12, 1987, he fired two bullets from an unlicensed gun into the door of an apartment of another and on the same date slashed with a knife all four tires of an automobile owned by the occupant of the aforementioned apartment.

· After reviewing all of the evidence, we are in full agreement with the report of the Special Referee sustaining the above allegations of professional misconduct. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied. The respondent's cross motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration all of the mitigating circumstances advanced by the respondent at the hearing of this matter. Accordingly, the respondent is suspended from the practice of law for a period of two years commencing May 15, 1990, and continuing until further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Walter Lewis, is suspended from the practice of law for a period of two years, commencing May 15, 1990, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of two years upon furnish-

ing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Walter Lewis is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.